IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01596-LTB-MEH

TRINIA BERNAL,

    Plaintiff,

v.

MAXIMUM AUTO SEARCH CORPORATION, a Colorado corporation; and
WESTERN SURETY COMPANY, a South Dakota company,

    Defendants.

_____

ORDER
_____

This case is before me on Plaintiff's Motion for Determination of a Question of Law Regarding Public Impact [Doc #24] and Motion to Certify a Question of Law to the Colorado Supreme Court [Doc # 39]. After consideration of the motions, all related pleadings, and the case file, I deny both motions.

## I. Background

In this case involving Plaintiff's attempted purchase of a car from Defendant Maximum Auto Search Corporation ("Maximum Auto"), Plaintiff asserts five claims for relief including a claim for violation of the Colorado Consumer Protection Action, C.R.S. § 6-1-101, *et seq.* (the "CCPA"). By the motion for determination of a question of law, Plaintiff seeks a determination that the public impact element of a CCPA claim is either not applicable to her particular CCPA claim or has been satisfied by legislative declaration. Plaintiff also seeks to certify the question

of whether a showing of public impact is required for CCPA claims like hers to the Colorado Supreme Court. The following facts are undisputed for purposes of Plaintiff's motion unless otherwise noted.

Early in 2014, Plaintiff signed a number of documents including a Retail Installment Sales Contract ("RISC") and took possession of a car offered for sale by Maximum Auto. Maximum Auto advised Plaintiff that the RISC would be assigned to Lobel Financing which is not a party to this case.

Plaintiff alleges that Maximum Auto assured her that it had all the necessary financial documentation and guaranteed her that she was approved for financing. Defendants allege that Plaintiff provided inconsistent and incomplete financial documentation and was only approved for conditional financing by Lobel.

Plaintiff paid a down payment of $4,200 towards the purchase of the car. Defendants allege that after Lobel refused to finance the vehicle, Maximum Auto gave Plaintiff the opportunity to pay the remainder of the purchase price but she failed to do so. Ultimately, Maximum Auto recovered possession of the car. Plaintiff alleges that Maximum Auto kept her $4,200 down payment for the car, and Defendants allege that Plaintiff is responsible for daily use and mileage rates, and other expenses associated with her use of the car.

## II. Standard of Review

**A. Plaintiff's Motion for Determination of a Question of Law**

A party may seek summary judgment on part of a claim. *See* Fed. R. Civ P. 56(a) ("A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought.). "Statutory interpretation is a matter

of law appropriate for resolution on summary judgment." *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011). Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**B. Plaintiff's Motion to Certify a Question of Law**

Rule 21.1 of Colorado's Rules of Appellate Procedure permits the Colorado Supreme Court to answer a question of law certified to it by a United States District Court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [Colorado] Supreme Court." Colo. App. R. 21.1(a).

"Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Armijo v. Ex Cam Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). However, "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Id.* "Absent some recognized public policy or defined principle guiding the exercise of jurisdiction conferred, federal courts bear a duty to decide questions of state law when necessary to render a judgment." *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1235 (10th Cir. 2012) (internal quotations and citations omitted).

### III.  Analysis

Section 6-1-113, C.R.S., establishes a private action to recover damages under the CCPA "against any person who has engaged in or caused others to be engaged in any deceptive trade

practice listed in this article." A plaintiff bringing such an action must show:

> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered an injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Hall v. Walter,* 969 P.2d 224, 234 (Colo. 1998).

Plaintiff's CCPA claim is brought pursuant to C.R.S. § 6-1-708 which labels certain conduct with respect to the sale and lease of motor vehicles as a "deceptive trade practice." Plaintiff argues that because Part 7 of the CCPA addresses specific consumer transactions in specific industries, there is no need to make a showing of public impact for claims brought under these provisions of the CCPA. Plaintiff cites no supporting case law or legislative history in support of this argument. To the contrary, Plaintiff acknowledges that there is no state case law directly on point and urges me to certify this question to the Colorado Supreme Court. I conclude that certification is unnecessary in light of the clear intent behind the CCPA and existing case law interpreting provisions generally applicable to claims brought pursuant to this statute.

Colorado case law has long recognized that the CCPA was "clearly enacted to control various deceptive trade practices *in dealing with the public."* *Hall*, 969 P.2d at 234. "Thus, if a wrong is private in nature, and does not affect the public, it is not actionable under the CCPA." *Rhino Linings USA, Inc. V. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 148 (Colo. 2003). *See also Martinez v. Lewis,* 969 P.2d 213, 222 (Colo. 1998) (where insurance company was the sole consumer of services of physician performing independent medical examination, circumstances suggested "a purely private wrong" that CCPA was not intended to remedy).

Eliminating the public impact element for certain CCPA claims would run contrary to the overall purpose of statute and improperly expand its scope to encompass purely private wrongs.

Furthermore, the public impact element of a CCPA claim arises out of C.R.S. § 6-1-113, *see Hall*, 969 P.2d at 229-30, which creates a private right of action "against any person who has engaged in or caused others to be engaged *in any deceptive trade practice listed in this article*" C.R.S. § 6-1-113(1) (emphasis added). Thus, the Colorado Supreme Court's analysis of the requirements for a private action under the CCPA applies equally to all private claims under the CCPA regardless of the particular provision that the defendant purportedly violated. *See also* C.R.S. § 6-1-105(1)(x) (defining a "deceptive trade practice" to include violations of Part 7 of the CCPA and thereby supporting the conclusion that there is no distinction between claims brought under different parts of the statute).

I further note that Plaintiff's counsel recently made the same arguments that there is no requirement to show public impact for claims under Part 7 of the CCPA and that this question should be certified to the Colorado Supreme Court in the case of *Frias v. Chris the Crazy Trader, Inc.,* 2014 WL 2975321 (D. Colo. July 2, 2014). The district court rejected these arguments, *id.*, and the Tenth Circuit affirmed the district court's decision and denied Plaintiff's counsel's renewed request for certification to the Colorado Supreme Court. *Frias v. Chris the Crazy Trader, Inc.,* No. 14-1284 (Mar. 3, 2015)

Alternatively, Plaintiff argues that she can demonstrate "public impact" via legislative declaration. Specifically, Plaintiff cites C.R.S. § 12-6-101(1)(a) which falls under Colorado's regulatory framework for the automobile industry and provides that "[t]he general assembly hereby declares that ... [t]he sale and distribution of motor vehicles affects the public interest...."

Plaintiff further cites *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 719 P.2d 531 (Wash. 1986), to support her argument that the public impact element may be satisfied per se by legislative declaration.

Although the Colorado Supreme Court has recognized that Washington law is instructive in interpreting the CCPA because its consumer protection act is analogous in some respects, *Hall*, 969 P.2d at 233-4, there are distinctions on the particular element at issue here that undermine the persuasiveness of the authority cited by Plaintiff. While Washington law requires a showing that an unfair or deceptive act or practice "affects the public interest," to support a private cause of action under its consumer protection act, *Hangman Ridge,* 719 P.2d at 535, Colorado law requires a showing that a challenged deceptive trade practice "significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property." *Hall*, 969 P.2d at 234 & 235. Indeed, the Colorado Supreme Court has stated that "[u]nder the CCPA, it is not enough that the defendant's industry affects the public interest" but rather "the challenged *practice* must significantly impact the public." *Brodeur v. Amer. Home Assur. Co.,* 169 P.3d 139, 155-56 (Colo. 2007).

There is no reference to the challenged practices of Defendants - *i.e.* misrepresenting that Plaintiff's credit had been approved and demanding additional money ad failing to return Plaintiff's down-payment - in C.R.S. § 12-6-101(1)(a). I there reject Plaintiff's argument that C.R.S. § 12-6-101(1)(a) establishes the requisite public impact per se as did the district court in *Frias, supra.*

In sum then, I decline to certify the question presented to the Colorado Supreme Court and conclude that Plaintiff must prove all of the elements recognized in *Hall,* including public

impact to support her CCPA claim.  The question of public impact is a fact based inquiry determined by considerations such as:

> the number of consumers directly affected by the challenged practice, the relative sophistication and bargaining power of the consumers affected by the challenged practice, and evidence that the challenged practice has previously impacted other consumers or has significant potential to do so in the future.

*One Creative Place, LLC v. Jet Center Partners, LLC,* 259 P.3d 1287, 1289-90 (Colo. App. 2011).

### IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

1.  Plaintiff's Motion for Determination of a Question of Law Regarding Public Impact [Doc #24] is DENIED; and

2.  Plaintiff's Motion to Certify a Question of Law to the Colorado Supreme Court [Doc # 39] is DENIED.

Dated: March   5  , 2015 in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE