IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01596-LTB-CBS

TRINIA BERNAL,

    Plaintiff,

v.

MAXIMUM AUTO SEARCH CORPORATION, a Colorado corporation; and
WESTERN SURETY COMPANY, a South Dakota company,

    Defendants.

_____

ORDER
_____

This case is before me on Defendants Maximum Auto Search Corporation ("Maximum Auto") and Western Surety Company's ("Western") Motion to Exclude Plaintiff's Expert Witness's Opinion [Doc ## 64]. After consideration of the motion, all related pleadings, and the case file, I grant Defendants' motion.

**I. Background**

In this case involving Plaintiff's attempted purchase of a 2004 Porsche Cayenne (the Vehicle"), Plaintiff asserts that Maximum Auto violated Section 6-1-708(1)(a)(I) & (III) of the Colorado Consumer Protection Action, C.R.S. § 6-1-101, *et seq.* (the "CCPA"), by (1) misrepresenting that Plaintiff's credit for the purchase of the Vehicle had been approved; (2) demanding additional money for the purchase of the Vehicle from Plaintiff; and (3) failing to return Plaintiff's down-payment of $4,200. *See* Doc # 37, ¶¶ 88-89.

Plaintiff has endorsed Robert Sexton, the former Director of the Auto Industry Division and Executive Secretary of the Motor Vehicle Licensing Board, to opine that Maximum Auto's challenged practices have affected consumers in the past and will likely do so in the future on an

industry-wide basis.  According to Plaintiff

> There is no need for [Sexton] to review [Maximum Auto's] purchase documents, interview anyone at Maximum Auto, or review [Maximum Auto's] sales figures. Maximum Auto's conduct is not the subject of Sexton's testimony.  The challenged practice is the subject of the proffered testimony.

Response to Motion, p. 7.

## II.  Standard of Review

Rule 702, Fed. R. Evid., provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, a district court acts as a "gatekeeper" to ensure that proffered expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert,* 509 U.S. at 597.  "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."  *Id.* at 591 (quoting 3 Weinstein & Berger ¶ 702[02], p. 702-18).  *See also U.S. v. Rodriguez-Felix,* 450 F.3d 1117, 1122 (10th Cir. 2006) ("Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."); *Bitler v. A.O. Smith Corp.,* 400 F.3d 1227, 1234 (10th Cir. 2004) ("Even if an expert's proffered evidence is scientifically valid and follows appropriately reliable methodologies, it might not have sufficient bearing on the issue at hand to warrant a determination that it has a relevant 'fit.'").

## III.  Analysis

In order to prevail on her CCPA claim, Plaintiff must show, among other things, that Maximum Auto engaged in an unfair or deceptive trade practice that significantly impacts the

public as actual or potential consumers of the defendant's goods, services, or property. *Hall v. Walter,* 969 P.2d 224, 234 (Colo. 1998). In a recent ruling on Defendants' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc ## 66 & 67], I rejected Plaintiff's argument that she could satisfy the public impact element of her CCPA claim through evidence that the alleged deceptive trade practices by Maximum Auto are common in the automobile industry as a whole. Plaintiff must therefore show that conduct by Maximum Auto specifically significantly impacts the public as actual or potential consumers of Maximum Auto's goods and services.

Admittedly, Mr. Sexton has no knowledge of conduct by Maximum Auto outside of this case that violated Section 6-1-708(1)(a)(I) & (III) of the CCPA. It follows that Mr. Sexton cannot offer an opinion that wrongful conduct by Maximum Auto specifically significantly impacted the public as actual or potential consumers of its goods and services because such an opinion would not be based on sufficient facts or data in violation of Rule 702. Furthermore, Mr. Sexton's opinion about practices in the automobile industry as a whole is not relevant to the issue of whether conduct by Maximum Auto specifically significantly impacts the public as actual or potential consumers of Maximum Auto's goods and services.

IT IS THEREFORE ORDERED that Defendants Maximum Auto Search Corporation ("Maximum Auto") and Western Surety Company's ("Western") Motion to Exclude Plaintiff's Expert Witness's Opinion [Doc ## 64] is GRANTED.

Dated: August  26 , 2015 in Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE