IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01596-LTB-CBS

TRINIA BERNAL,

    Plaintiff,

v.

MAXIMUM AUTO SEARCH CORPORATION, a Colorado corporation; and
WESTERN SURETY COMPANY, a South Dakota company,

    Defendants.

_____

ORDER
_____

This case is before me on Defendants Maximum Auto Search Corporation ("Maximum Auto") and Western Surety Company's ("Western") Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc ## 66 & 67]. After consideration of the motion, all related pleadings, and the case file, I deny Defendants' motion.

## I. Background

In this case involving Plaintiff's attempted purchase of a 2004 Porsche Cayenne (the Vehicle"), Plaintiff Second Amended Complaint asserts four claims for relief against Maximum Auto including claims for violation of the Colorado Consumer Protection Action, C.R.S. § 6-1-101, *et seq.* (the "CCPA"), and fraud. *See* Doc # 37. Plaintiff asserts that Maximum Auto violated Section 6-1-708(1)(a)(I) & (III) of the CCPA by (1) misrepresenting that Plaintiff's credit for the purchase of the Vehicle had been approved; (2) demanding additional money for the purchase of the Vehicle from Plaintiff; and (3) failing to return Plaintiff's down-payment of $4,200. *Id.* at ¶¶ 88-89.

The only reference to Western in Plaintiff's Second Amended Complaint states that

> C.R.S. [§] 12-6-122 provides Plaintiff with a cause of action against the
> Defendant dealership along with the dealership's surety upon the bond for

damages resulting from fraud or fraudulent misrepresentation.

*Id.* at ¶ 4.

By their summary judgment motion, Defendants seek judgment in their favor on Plaintiff's CCPA claim on the basis that Plaintiff cannot satisfy the public impact element of this claim and in favor of Western on the basis that Plaintiff has not asserted any claims against it. Defendants' motion also requests Rule 11 sanctions against Plaintiff but Defendants have withdrawn this request pending a ruling on the substantive issues raised in their motion. *See* Doc # 76. My analysis therefore focuses solely on Plaintiff's CCPA claim and inclusion of Western as a defendant in this case.

## II. Standard of Review

The purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson*, 477 U.S. at 252; *Mares*, 0971 F.2d at 494.

### III. Analysis

**A. Plaintiff's CCPA Claim**

A plaintiff bringing a private action under the CCPA must show:

> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered an injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Hall v. Walter,* 969 P.2d 224, 234 (Colo. 1998). For purposes of their Motion, Defendants challenge only Plaintiff's ability to prove the public impact element of her CCPA claim. The question of public impact is a fact based inquiry determined by considerations such as:

> the number of consumers directly affected by the challenged practice, the relative sophistication and bargaining power of the consumers affected by the challenged practice, and evidence that the challenged practice has previously impacted other consumers or has significant potential to do so in the future.

*One Creative Place, LLC v. Jet Center Partners, LLC,* 259 P.3d 1287, 1289-90 (Colo. App. 2011).

Defendants argue that Plaintiff is unable to show that Maximum Auto's alleged deceptive trade practices impacted the public because Plaintiff admitted in her deposition testimony that she cannot (1) identify any other customer who bought a vehicle from Maximum Auto; (2) state how many vehicles Maximum Auto sold in the last 3 years; or (3) identify other customers who

-3-

were subjected to the same alleged deceptive trade practices by Maximum Auto. As Plaintiff points out, however, it is understandable that she does not have personal knowledge of Maximum Auto's vehicle sales history. Through discovery contested by Defendants and fortuitous circumstances, however, Plaintiff can identify three other individuals who may have been subjected to the same alleged deceptive trade practices by Maximum Auto.

Plaintiff also argues that she can rely on evidence that the alleged deceptive trade practices by Maximum Auto are common in the automobile industry as a whole and is not limited to evidence of the number of consumers who were specifically affected by the conduct of Maximum Auto. Plaintiff cites no authority that directly supports this proposition, and it is clear from the case law that the focus is on those affected by the ***defendant's*** conduct. *See e.g. Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 150 (Colo. 2003) (analyzing public impact element based on the fact that 3 out of approximately 550 worldwide dealers of defendant's products were affected by alleged improper conduct); *One Creative Place, LLC,* 259 P.3d at 1290 (although there was no evidence that any consumer was directly affected by defendant's deceptive trade practice, public impact could nonetheless be established by evidence that defendant's extensive advertising campaign had significant potential to impact consumers in the future). Moreover, it would be unjust to award treble damages against a defendant based on conduct by others in the same industry that defendant had no control over.

Although Plaintiff cannot rely on industry practices to establish that a significant number of consumers have been directly affected by Maximum Auto's alleged deceptive trade practices, there are other factors to be considered in analyzing the public impact element of Plaintiff's CCPA claim. *One Creative Place, LLC,* 259 P.3d at 1290. Furthermore, no single factor is determinative, and the factors set forth above do not constitute an exhaustive list. *Id. See also* Colo-Civ. 4th 29:4 (2010) (listing five factors to be considered in determining whether challenged practice significantly impacted the public as actual or potential customers of defendant's goods or services and noting that additional factors determined by the court to be

relevant should also be included).

Plaintiff has identified three other consumers that may have been subjected to the same alleged wrongful conduct by Maximum Auto. While this number may represent a very small percentage of Maximum Auto's total customers, it does show that Maximum Auto's challenged practices have previously affected other consumers and may have significant potential to do so in the future. Additionally, most consumers purchasing vehicles from a dealership are unlikely to be represented by counsel or have the ability to negotiate the terms of the form documents they sign. Consideration of the relative sophistication and bargaining power of the affected consumers therefore may also weigh in favor of a finding of the requisite public impact.

Depending on the circumstances, the public impact element of a CCPA claim may be a question of fact or law. *One Creative Place, 259 P.3d at 1289.* Maximum Auto identified two other customers "from whom [it] retained all or a portion of a down payment or deposit when financing was not obtained" in a compelled discovery response but now asserts that no money or down payment was kept from these customers in an affidavit attached to its reply brief. There is therefore at least one disputed issue of fact bearing on the public impact element of Plaintiff's CCPA claim that precludes determination of this issue as a matter of law in favor of either party, and Defendants' Motion for Summary Judgment that Plaintiff cannot prove the public impact element of her CCPA claim is denied.

## B. Western's Motion for Summary Judgment

Plaintiff acknowledges that she is not alleging that Western itself engaged in any wrongful conduct against her. Instead, Plaintiff alleges that Western, which provided a dealer's bond to Maximum Auto, may be liable to her for Maximum Auto's wrongful conduct pursuant to C.R.S. § 12-6-122 which provides:

> If any person suffers loss or damage by reason of any fraud practiced on such person or fraudulent misrepresentation made to such person by a licensed dealer or one of the dealer's salespersons ... such person shall have a right of action against the dealer, such dealer's motor vehicle salespersons, and the sureties upon their respective bonds.

Defendants argue that Plaintiff's inclusion of Western as a defendant is nonetheless improper because Section 12-6-122 does not give rise to an actual claim against it unless and until there is a finding of fraud or fraudulent misrepresentation by Maximum Auto and a refusal by Western to pay on the bond. In support of this argument, Defendants cite C.R.S. § 12-6-111(2)(b) which provides that "no corporate surety shall be required to make any payment to any person claiming under such bond until a final determination of fraud or fraudulent misrepresentation has been made by the board or by a court of competent jurisdiction." Western cites no other authority to show that Plaintiff has not properly named it as a party in this case.

Clearly, Plaintiff cannot collect from Western on the dealer's bond unless and until judgment is entered in favor of Plaintiff and against Maximum Auto. As Plaintiff points out, however, naming Western as party in this case promotes efficiency and full and complete notice to Western of all that transpires in this case relative to its potential liability to Plaintiff. I therefore conclude that Plaintiff's inclusion of Western as a party to this case is proper. I further conclude that it is unnecessary at this sate in the proceedings for Plaintiff to amend her Complaint to further clarify that she is asserting claims against Western as Maximum Auto's surety for any qualifying judgment that she receives.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Defendants Maximum Auto Search Corporation and Western Surety Company's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc ## 66 & 67] is DENIED.

Dated: August  26 , 2015 in Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE