IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01596-LTB-CBS

TRINIA BERNAL,

    Plaintiff,

v.

MAXIMUM AUTO SEARCH CORPORATION, a Colorado corporation; and
WESTERN SURETY COMPANY, a South Dakota company,

    Defendants.

_____

ORDER
_____

    This case is before me on Plaintiff's Motion for Summary Judgment on Defendant's Counterclaims [Doc # 68]. After consideration of the motion, all related pleadings, and the case file, I deny Plaintiff's motion.

## I.  Facts

    In this case involving Plaintiff's attempted purchase of a 2004 Porsche Cayenne (the "Vehicle"), Defendant Maximum Auto Search Corporation ("Maximum Auto"), the seller of the Vehicle, asserts counterclaims against Plaintiff for breach of contract, unjust enrichment, and fraud. The following facts are undisputed unless otherwise noted.

    Early in 2014, Plaintiff signed a Buyers Order and Invoice (the "Buyers Order'); a Retail Installment Sales Contract (the "RISC"); and Motor Vehicle Sales Contract Disclosures (the "Disclosures") in connection with the purchase of the Vehicle. *See* Exhibit 2 to Motion; Exhibit

B to Response.  The Disclosures provide as follows:

> You and the dealer have agreed that the vehicle will be delivered to you prior to the purchase price being paid in full.  If financing cannot be arranged at the terms stated in the contract, and the contract is cancelled, you agree to pay the dealer $100 dollars per day and 0.50 cents per mile for your use of the vehicle from the date of delivery until the vehicle is returned to the dealer. ...  You may also be required by the contract to pay any costs the dealer may have to pay in regaining possession of the vehicle.

*See* Exhibit B to Response.

The purchase price to be paid by Plaintiff for the Vehicle was $12,370.  *See* Exhibit 2 to Motion, p.1.   Plaintiff agreed to make a down payment in the amount of $5,000 and finance the remainder of the purchase price through Lobel Financial.  *Id.* at pp. 1 & 2. Plaintiff paid $4,200 of the $5,000 down payment and took possession of the Vehicle on February 10, 2014.  *Id.  See also* Motion, p. 1.

Lobel Financial would not agree to finance Plaintiff's purchase of the Vehicle.  *See Affidavit of Cliff Houser, § 5 & 7*. Maximum Auto asserts that the RISC was therefore cancelled pursuant to the following provision:

> [Maximum Auto] intends to assign this contract to a financial institution.  If [Maximum Auto ] does not assign this contract to a financial institution, [Maximum Auto] may cancel this contract upon written notice. ... Upon receipt of our notice, you must immediately return the vehicle to [Maximum Auto].... If you do not immediately return the vehicle, [Maximum Auto] may use any legal means to recover it (including repossession), and you will be liable for all expenses incurred in recovering the vehicle ... you are responsible for any loss or damage to the vehicle and the costs of repair of any damage while the vehicle was in your possession.

*See* Affidavit of Cliff Houser ("Affidavit"), ¶¶ 5 & 7 & Exhibit 2 to Motion, p. 4.  Maximum Auto further asserts that Plaintiff refused to return the Vehicle and that it was therefore required to repossess it.  *See* Affidavit, ¶ 8.  Maximum Auto subsequently sold the Vehicle to another

purchaser for $13,975 but alleges that its profits were reduced by $1,079, representing repossession costs, floor plan interest, and reconditioning fees. *See* Exhibit 3 to Motion & Affidavit, ¶¶ 10 & 11.

## II. Standard of Review

The purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative

inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson*, 477 U.S. at 252; *Mares*, 0971 F.2d at 494.

### III. Analysis

### A.  Maximum Auto's Counterclaim for Breach of Contract

Maximum Auto alleges that Plaintiff breached the Buyers Order and the Disclosures by failing to pay the remaining $800 of the agreed upon down payment, the daily use and mileage charges for the time that she was in possession of the Vehicle, and Maximum Auto's repossesion and other costs.

Plaintiff's arguments in support of summary judgment on Maximum Auto's breach of contract claim are difficult to follow. First, Plaintiff seemingly argues that the integration clause in the RISC precludes any claims based on the Buyer's Order or the Disclosures. This clause, however, provides that the RISC contains the parties' entire agreement "regarding the financing of the vehicle." *See* p. 2 of Exhibit 5 to Motion. At a minimum then, there is a question of fact as to whether this clause encompasses all matters addressed in the Buyers Order and Disclosures including the requisite down payment to be paid by Plaintiff and Plaintiff's liability for various costs associated with her possession of the Vehicle.

Next, Plaintiff seemingly argues that because Maximum Auto never provided written notice of cancellation, the RISC remained in full force and effect and her purchase of the Vehicle

was therefore automatically financed.  The purported significance of this non sequitur is that Plaintiff cannot be held liable for daily usage and mileage charges because liability for these charges under the Disclosures is contingent upon a failure to obtain financing at the terms stated in the contract.  *See* Exhibit B to Response, ¶ E.  It is undisputed, however, that such financing was not obtained.

Finally, Plaintiff argues that Maximum Auto has no damages because it subsequently sold the Vehicle for more than she would have paid for it.  The amount of profit Maximum Auto realized on the sale of the Vehicle was obviously reduced by any amounts it can prove it expended in connection with Plaintiff's possession of the Vehicle, and there is no merit to this argument.

**B.  Maximum Auto's Counterclaim for Unjust Enrichment**

As set forth above, there are contested in this case regarding whether the RISC was cancelled and what effect, if any, that cancellation would have on key provisions of the Buyer's Order and the Disclosures.  If a jury finds that Maximum Auto did not have an enforceable contract with Plaintiff to recover the damages it seeks, then Maximum Auto may be entitled to recover these damages under a theory of unjust enrichment.  *See Interbank Investments, LLC v. Eagle River Water and Sanitation Dist.,* 77 P.3d 814, 816 (Colo. App. 2013) (although a party cannot recover for unjust enrichment where express contract covers the same subject matter, there is an exception when the party has no rights under an enforceable contract because, for example, the express contract failed or was rescinded).

In addition, as set forth above, the fact that Maximum Auto subsequently sold the Vehicle for more than Plaintiff would have paid for it does not preclude a damages claim for lost

profits resulting from amounts Maximum Auto expended in connection with Plaintiff's possession of the Vehicle.

**C.  Maximum Auto's Counterclaim for Fraud**

As with Maximum Auto's other counterclaims, Plaintiff argues that Maximum Auto's counterclaim for fraud must fail for lack of damages.  For the reasons set forth above, there is no merit to this argument, and Plaintiff is not entitled to summary judgment on Maximum Auto's counterclaim for fraud.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment on Defendant's Counterclaims [Doc # 68]is DENIED.

Dated: September __3__, 2015 in Denver, Colorado.

                                            BY THE COURT:

                                            ___s/Lewis T. Babcock_____
                                            LEWIS T. BABCOCK, JUDGE